UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                    4:11-cv-176

$89,600 in U.S. CURRENCY,

Defendant.

## ORDER

Before this Court are Claimant Daniel L. Cates's ("Cates") "Motion to Dismiss; or, in the alternative, Motion for Return of Property Pursuant to 18 U.S.C. § 983(a)(3)(A)," *see* Doc. 9, and Plaintiff United States of America's ("the Government") "Motion to Dismiss Claimant's Counterclaim," *see* Doc. 15.

Cates asserts that the Government's complaint for forfeiture was untimely. *See* Doc. 9 at 1. "Not later than 90 days after a claim [by a person claiming seized property] has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint . . . ." 18 U.S.C. § 983(a)(3)(A). "If the Government does not . . . file a complaint for forfeiture or return the property . . . the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." *Id.* § 983(a)(3)(B).

"A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." FED. R. CIV. P., SUPP. R. G(5)(a)(i); *see also* 18 U.S.C. § 983(a)(2)(A). Such a claim must "be signed by the claimant under penalty of perjury." FED. R. CIV. P., SUPP. R. G(5)(a)(i)(C); *see also* 18 U.S.C. § 983(a)(2)(C)(iii) ("A claim shall . . . be made under oath, subject to penalty of perjury.").

Cates initially filed a claim on February 14, 2011. *See* Doc. 15 at 1-2. The Government avers that this claim was defective because it "did not contain the required certification that the claim was filed 'under penalty of perjury.'" *See id.* at 2. Cates subsequently filed another claim on April 7, 2011, which "included the Verification of Claim containing the necessary 'perjury provision.'" *See* Doc. 15 at 2. Thus, according to the Government, its complaint was timely because it was filed on July 6, 2011, ninety days after Cates filed his valid claim. *See id.* at 2.

Cates contends that a claim does not have to recite that it is signed "under penalty of perjury"; the claim simply has to "be signed by the claimant under penalty of perjury." *See* Doc. 20 at 2. He argues that the fact his original claim was signed and witnessed by a notary is enough to satisfy the requirement of Rule (5)(a)(i)(C). *See id.*

Cates is correct; his act of swearing before a notary sufficiently established that the claim was signed under penalty of perjury. *See Calash v. Drug Enforcement*

*Admin.*, 2009 WL 87596, at *4 (S.D. Fla. 2009) (determining that a verified claim "sworn to as true and correct before a notary authorized to administer the oath" was "subject to the penalty of perjury" in satisfaction of the requirements of 18 U.S.C. § 983(a)(2)(C)(iii)); *see also United States v. Johnson*, 25 F. App'x 231, 238 (6th Cir. 2001) (upholding perjury conviction based on affidavit subscribed with a notary's jurat containing the word "Sworn"); *United States v. Yoshida*, 727 F.2d 822, 823 (9th Cir. 1983) ("No particular formalities are required for there to be a valid oath. It is sufficient that, in the presence of a person authorized to administer an oath, as was the notary herein, the affiant by an unequivocal act consciously takes on himself the obligation of an oath . . . .").

The "Verification of Claim" attached to Cates's original claim states that Cates was "duly sworn and deposed." *See* Doc. 20 at 8. Furthermore, the notary's jurat begins "[s]worn to and subscribed before me." *Id.* In his first claim, Cates "by an unequivocal act consciously [took] on himself the obligation of an oath." *See Yoshida*, 727 F.2d at 823. Thus, Cates's claim was "signed by the claimant under penalty of perjury." FED. R. CIV. P., SUPP. R. G(5)(a)(i)(C).

Because Cates' initial claim of February 14, 2011 met all the requirements of FED. R. CIV. P., SUPP. R. G(5)(a)(i)(C), the Government had to file its complaint on or before May 16, 2011, ninety days after Cates filed his claim. *See* 18 U.S.C. § 983(a)(3)(A). The Government filed its complaint on July 7, 2006. *See* Doc. 1. Accordingly, the Government's complaint was untimely, and the Government "shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B).

This outcome comports with our law's presumption against forfeiture. *See United States v. $38,000.00*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("If anything, the burden on the government to adhere to the procedural rules should be heavier than on claimants. Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.").

Cates next moves for attorney's fees and costs in accordance with 28 U.S.C. § 2465. *See* Doc. 9 at 2. The Government asserts that this is a counterclaim and that counterclaims are forbidden in forfeiture actions. *See* Doc. 15 at 3.

The Government is correct when it asserts that counterclaims are generally not allowed in forfeiture actions. *See, e.g., United States v. 1866.75 Bd. Feet*, 2008 WL 839792, at *1 (E.D. Va. Mar. 25, 2008) ("[C]laimants in an *in rem* civil forfeiture action . . . are not entitled to file counterclaims."); *United States v. Assorted Computer Equip.*, 2004 WL 784493, at *2 (W.D. Tenn. Jan. 9, 2004) ("Counterclaims are generally not allowed by third parties in civil *in rem* forfeiture proceedings.").

Regardless of the label he chooses to give it, Cates is merely seeking relief mandated by statute. *See* 28 U.S.C. § 2465(b)(1) ("[I]n any civil proceeding to forfeit property under any provision of

2

Federal law in which the claimant substantially prevails, the United States *shall* be liable . . . ." (emphasis added)). The statute states that the United States shall be liable for reasonable attorneys fees and other litigation costs incurred by the claimant, post-judgment interest, and interest actually paid or that should have been paid resulting from the investment of the seized currency. *See id.*

Cates is a "substantially prevail[ing]" party. Albeit in dicta, the Eleventh Circuit has determined that any differences between a "prevailing party" and a "substantially prevailing party" "are generally deemed inconsequential." *See Loggerhead Turtle v. Cnty. Council*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002); *see also United States v. $59,000*, 2010 WL 3212002, at *2 (S.D. Fla. Aug. 12, 2010). "A 'prevailing party' is one 'who has been awarded some relief by the court.'" *$59,000*, 2010 WL 3212002, at *2 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 603 (2001)). The award must be the result of a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605.

As a result of the Government's failure to file a timely complaint, the Court is ordering the return of the entire amount seized to Cates. The Court is judicially sanctioning a change in the legal relationship between the Government, Cates, and the money at issue. Thus, Cates has substantially prevailed.

Cates moved for relief under § 2465(b)(1) at the same time he moved for dismissal of the Government's complaint.

*See* Doc. 9. Such a coupling is an appropriate way to request this relief. *See, e.g., United States v. Certain Real Prop.*, 579 F.3d 1315, 1318 (11th Cir. 2009) (describing defendant's motion for attorney's fees before the court dismissed the case).

Here, the Government failed to file a timely complaint. Because of the Government's failure, Cates has substantially prevailed in this case. Thus, the Government shall be liable for the items delineated in the statute.

After reviewing the record, the Court also certifies that there was reasonable cause for the seizure. *See* 28 U.S.C. § 2465(a)(2).

Finally, Cates contends that the Government has failed to state a claim for which relief can be granted. *See* Doc. 8 at 2. Because of its other determinations in the case, the Court does not reach this issue.

Cates's "Motion to Dismiss; or, in the alternative, Motion for Return of Property Pursuant to 18 U.S.C. § 983(a)(3)(A)," *see* Doc. 9, is ***GRANTED***.

The Government's "Motion to Dismiss Claimant's Counterclaim," *see* Doc. 15, is ***DENIED***.

***CATES IS ORDERED TO SUBMIT A BRIEF ON THE ISSUE OF DAMAGES WITHIN SEVEN (7) DAYS OF THIS ORDER. THE GOVERNMENT IS ORDERED TO SUBMIT ITS RESPONSE WITHIN SEVEN (7) DAYS OF CATES'S FILING.*** The Court will not accept any replies.

This 29th day of September 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA